FILED
MAR - 5 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harvey J. Hudson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09 0419 |
| ) | |
| United States Attorney General *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and his application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the complaint.

Plaintiff, a federal prisoner now confined at the U.S. Penitentiary at Tuscon, Arizona, has filed a complaint 42 U.S.C. § 1983 for $50 billion in damages and for injunctive relief. (Compl. ¶¶ 22-23.) He alleges that when he was taken from his cell at the U.S. Penitentiary at Allenwood on September 9, 2008, to be transferred to the prison at Tuscon, he was required to leave behind, unpacked, all his personal belonging, papers, and effects. (*Id.* ¶¶ 10-11.) He alleges that he arrived at the Tuscon facility approximately two months later, and that by the end of January 2009 he had not received any of the belongings he had been forced to leave behind. (*Id.* ¶ 12.) He alleges negligent and/or willful theft and/or destruction of his property. (*Id.* ¶¶ 9, 14.) Asserting that some of the missing papers were particularly valuable for the information they contained, he contends that his missing property is evidence of a widespread conspiracy by the defendants to violate his constitutional rights, and he seeks the arrest and prosecution of the defendants. (*Id.* ¶¶ 14-14).

Section 1983 provides a remedy where a person has been deprived of any "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Although plaintiff conclusorily alleges a violation of his constitutional rights, he has not identified the constitutional right he thinks was violated and the facts he alleges do not suggest the violation of a constitutional right. At the most, the factual allegations in the complaint suggest negligent or willful theft or destruction of personal property, a matter that may possibly be cognizable as a tort claim, but does not implicate constitutional protections. Therefore, plaintiff has not stated a claim under 42 U.S.C. § 1983 upon which relief may be granted. To the extent that the plaintiff seeks the criminal prosecution of the defendants, his complaint also fails for failure to state a claim under 42 U.S.C. § 1983 upon which relief may be granted. Only the federal government can bring a federal criminal prosecution.

Because the complaint does not state a claim upon which relief may be granted, federal law obligates this Court to dismiss this complaint. 28 U.S.C. § 1915A(b)(1) (requiring a court to dismiss a complaint if it fails to state a claim upon which relief may be granted). A final order accompanies this memorandum opinion.

Date: 2/12/09

_Ellen S. Huvelle_
United States District Judge